UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERICA RENA NAPIER, | : | Case No. 1:16-cv-650 |
| | : | |
| Plaintiff, | : | |
| vs. | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY
ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 19)**

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on June 12, 2017, submitted a Report and Recommendation. (Doc. 19). Plaintiff filed objections on June

1

29, 2017. (Doc. 21).[1]

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Report and Recommendation should be and is hereby adopted

---

[1] Plaintiff's objections are not well taken. This is Plaintiff's second attempt to overrule the ALJ's determination regarding benefit eligibility in federal court. Plaintiff's previous case resulted a Report and Recommendation from the Magistrate Judge (subsequently adopted by the District Court) reversing and remanding the case to the ALJ for further development of the record to determine whether Plaintiff met or equaled Listing 12.05 for what was then called "mental retardation." (A.R. at 1396–1410). Plaintiff now argues that Defendant failed to expand the administrative record as required. However, as the Report and Recommendation explains, the analysis given by the ALJ explaining his second decision denying benefits to Plaintiff was significantly expanded from his earlier decision. This more thorough explanation for the denial of benefits is itself a sufficient expansion of the administrative record to find that the ALJ's decision was supported by substantial evidence.

Plaintiff also argues that the ALJ's determination that Plaintiff failed to meet or equal Listing 12.05 was improper, citing an alleged reliance on outdated IQ scores. However, as explained in the R&R, the ALJ relied upon a medical expert's examination of Plaintiff to determine that Plaintiff's adaptive functioning was inconsistent with the lower IQ scores relied on by Plaintiff in her argument that she meets Listing 12.05. (Doc. 19, at 13). The medical expert's opinion regarding Plaintiff's adaptive functioning was based upon personal observation of Plaintiff during her hearing, as well as Plaintiff's testimony concerning the activities she is able to perform in her day to day life (including cooking, shopping, taking care of three children, living independently, maintaining relationships with friends and family including her parents, ex-husband, and current boyfriend, and managing her finances). Plaintiff cites *Brown v. Secretary of HHS*, 948 F.2d 268 (6th Cir. 1991), for the proposition that daily activities such as those attributed to Plaintiff in this case are not inconsistent with a finding of intellectual disability. However, *Brown* is not an absolute bar to using a plaintiff's daily activities to determine that the plaintiff's adaptive functioning precludes her from being found to have an intellectual disability, as seen in subsequent decisions from within the Sixth Circuit. *See Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x. 672, 675 (6th Cir. 2009) (Claimant's does not show deficits in adaptive functioning because she cooks, does laundry and shops, manages her finances, and takes public transportation); *Lewis v. Colvin*, 2014 WL 2619592, at *7 (E.D. Ky. 2014) (unpublished) (Plaintiff does not have deficits in adaptive functioning because she can read, write, and communicate effectively; follow instructions and answer questions; use the computer; do chores; take public transportation; care for her personal needs; interact with family and friends; and have a boyfriend).

in its entirety. Accordingly, **IT IS ORDERED** that:

1) The Commissioner's decision to deny Plaintiff SSI benefits is **AFFIRMED**, as that decision is supported by substantial evidence;

2) Plaintiff's motion for extension of time (Doc. 20) is **DENIED AS MOOT**;

3) The Clark shall enter a judgment accordingly, whereupon this case shall be **CLOSED** in this Court.

**IT IS SO ORDERED**.

Date: 9/22/17

Timothy S. Black
United States District Judge